**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Bushra Ibrahim, | No. CV-23-02059-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is United States Magistrate Judge Micheal T. Morrissey's Report and Recommendation ("R&R") recommending that the Court reverse the decision of the Commissioner of Social Security and remand this case for further proceedings. (Doc. 24.) Plaintiff Bushra Ibrahim filed an objection to the R&R. (Doc. 25.) The Commissioner did not respond to the objection. Having reviewed the R&R and the objection, the Court adopts the well-reasoned R&R in full and reverses the Commissioner's decision for further administrative proceedings.

## I.    Standard

Judge Morrissey prepared an R&R in this matter pursuant to 28 U.S.C. § 636(b)(1)(B), which provides that the Court may "designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a dispositive matter. "Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections." *Id.* § 636(b).

The Court will review de novo the portions of a magistrate judge's R&R to which a specific objection is made. Fed. R. Civ. P. 72(b)(3). On the other hand, the Court is not required to review any portion of an R&R to which no specific objection has been made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). And "district courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). The Court has "no obligation to provide individualized analysis of each objection." *Id.* at 434.

## II.    Analysis

Both parties agree that the ALJ erred in evaluating a medical opinion. The issues for Judge Morrissey to resolve were (1) whether the ALJ properly evaluated Ibrahim's symptom testimony and (2) whether the case should be remanded for further proceedings or for calculation of benefits. Judge Morrissey found that the ALJ's evaluation of Ibrahim's symptom testimony was proper and recommended remand for further proceedings to cure the ALJ's error in evaluating the medical opinion. Ibrahim's objection asserts the same arguments from her opening brief. (*Compare* Doc. 17, *with* Doc. 25.) She asserts that the ALJ erred by rejecting her symptom testimony and again requests remand for a calculation of benefits. (Doc. 25 at 3, 5.) Judge Morrissey thoroughly addressed Ibrahim's challenges in his R&R.

The Court agrees with Judge Morrissey that the ALJ properly rejected Ibrahim's symptom testimony only after finding that it was contradicted by objective medical evidence and Ibrahim's daily activities. (Doc. 24 at 9–12.) Ibrahim testified that severe migraines prevented her from "doing anything." (AR. 46.) She also testified that chronic pain prevents her from walking for more than ten minutes at a time or sitting for more than fifteen minutes at a time. (AR. 49–50.) Her daily pain level is typically an eight out of ten. (AR. 47.) But, as Judge Morrissey recognized, the ALJ found that the "overwhelming results of the claimant's physical examinations were normal." (AR. 21.) These

examinations do not support the degree of chronic pain Ibrahim alleged. (*See* AR. 19–21, 491, 528–29, 560, 562–67, 571, 575, 578, 801–08, 1053.)

Further, Ibrahim is responsible for taking care of three children under twelve years old, while her husband sleeps during the day and works through the night. (AR. 56.) As Judge Morrissey explained, the ALJ is free to discount a claimant's symptom testimony when the objective medical evidence and the claimant's daily activities are inconsistent with the alleged intensity, persistence, and limiting effects the claimant's impairments. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("[A]n ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

The Court also agrees with Judge Morrisey's recommendation that this case be remanded for further proceedings, rather than for a calculation of benefits. Remand for a calculation of benefits is appropriate only in the rare circumstances outlined by Judge Morrissey. (Doc. 24 at 12–13.) Otherwise, "ordinary remand"—that is, remand for further proceedings—is proper. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). The same inconsistencies that justify discounting Ibrahim's symptom testimony illustrate the necessity of further administrative proceedings. These inconsistencies (and other evidence in the record) present outstanding issues for the ALJ to resolve and create serious doubt about Ibrahim's disability status. *See id.* at 1102 (noting that the district court retains the discretion to remand for further proceedings even where rare circumstances exist). Accordingly, ordinary remand is appropriate.

**IT IS ORDERED** that Claimant Bushra Ibrahim's objection to the R&R (Doc. 25) is **OVERRULED** and that the R&R (Doc. 24) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for remand (Doc. 22) is **GRANTED**, and the decision of the Commissioner of Social Security is **REVERSED** and **REMANDED** for further proceedings.

**IT IS FURTHER ORDERED** directing the Clerk's Office to enter judgment accordingly and terminate the case.

Dated this 27th day of September, 2024.

Douglas L. Rayes
Senior United States District Judge